Freeman, J.,
delivered the opinion of the court.
*573 Coward brought this action of ejectment, to recover-a lot in the City of Memphis, and obtained a judgment, from which the defendant prosecutes an appeal in the nature of a writ of error.
The facts necessary to be stated are, that Furguson conveyed the lot to Samuel H. Coward, as trustee, to secure the payment of a debt due the plaintiff, ¥m.. Coward: the trustee sold the lot under the deed of trust, and at the sale, William Coward, the beneficiary, became the purchaser, the trustee making him a regular conveyance, under which he sought to recover the lot in this action.
Two questions are presented in the record for de- • cisión:
First, it was, at the trial, proposed by the defendant to show that there were fraud and collusion, between the trustee and the purchasing beneficiary, in making the sale, and thus obtaining the conveyance-of the legal title. On this question, we approve of the ruling of the Circuit Judge, that this could not be set up in a eoui’t of law, in the mode attempted, to defeat the operation of the deed.
Second, a question is presented in the record which was not argued before us, there being no counsel for-appellant. The defendant’s counsel offered to prove by A. M. Furguson, the maker of the deed, that the debt secured by the deed of trust was paid before the sale by the trustee. The plaintiff objected to the introduction of this testimony, and the objection was sustained by the court.
In this the court erred, as we deem it now set- *574 tied in Tennessee that, on payment of the debt by the mortgagor, the title returns to the former owner.
Not so, however, in the case of a payment by a third party who, in such case, would be held the as-signee of the mortgage. Carter v. Taylor, 3 Head., 33.
If the debt had been paid by Kurguson before the sale, as was proposed to be shown, then the trustee had no right to sell, or title to convey.
We are, therefore, compelled to reverse the judgment for the error referred to, and to remand the case for a new trial.